(41 Misc. Rep. 21.)

## GREEN v. COMPTON et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. CORPORATION—ACTION BY TRUSTEE—PARTIES.

    A bill by a trustee of a domestic corporation lies under Code Civ. Proc. §§ 1781, 1782, against his co-trustees, to restrain them from an unlawful alienation of the property of the corporation to the injury of the corporation and its stockholders, without making the corporation a party; such sections providing for such a suit against trustees, directors, managers, or other officers of the corporation without mentioning the corporation.

2. SAME—COMPLAINT—SUFFICIENCY.

    Allegations of a complaint in a suit by a trustee of a corporation against his co-trustees for mismanagement under Code Civ. Proc. §§ 1781, 1782, are sufficient where the existence of the corporation is set forth, the character of plaintiff as trustee and that of the defendants as co-trustees are alleged, together with facts and circumstances justifying a conclusion that defendant trustees, if not restrained, will make an unlawful alienation of the corporate property, to the injury of the corporation and its stockholders.

Action by Charles H. Green against Alexander T. Compton and Cornelius D. Gould, brought under Code Civ. Proc. §§ 1781, 1782, by plaintiff as a trustee of a corporation, to restrain defendants, trustees, from paying out certain funds or property of the corporation. The defendants demur to the complaint: "First, that it appears upon the face of the complaint that there is a defect of parties defendant in the omission of the United States Regulation Firearms Company, a domestic corporation, as a party defendant; second, that the complaint does not state facts sufficient to constitute a cause of action." Demurrer overruled.

Hamilton R. Squier, for plaintiff.
Lenehan & Dowley, for defendants.

DAVIS, J. The defendants demur to the complaint on the ground that there is a defect of parties, in that the United States Regulation Firearms Company is not made a party defendant, and, further, that the complaint does not state a cause of action. I think the complaint is good, and that the demurrer must be overruled. The plaintiff sues as a trustee of the United States Regulation Firearms Company. The main purpose of his action is to procure a judgment restraining and preventing a threatened and unlawful alienation of the corporation's property by the defendants, his co-trustees. His right to sue them is given expressly by sections 1781 and 1782 of the Code of Civil Procedure. The complaint alleges the existence of the corporation, the United States Regulation Fireams Company, and sets forth the objects of its organization, among which were the acquirement and sale of certain patent rights. It also alleges that, pursuant to these objects, it acquired the so-called "Allen Patent," for which it paid by the issuance of its capital stock. The whole capital stock was divided into 5,000 shares of the par value of $100 each share. All except 170 shares was issued—some of it for the Allen patent, some for other patents, and some to the original incorporators.

The pleader proceeds to allege that at a meeting of the board of trustees on the 17th of October, 1902, the treasurer of the company reported that he had received $25,000 for the company from the government of the United States in payment of a claim by the company against the United States for an infringement of its patent rights, and had paid $5,000 of this amount to Charles E. Creecy, pursuant to a resolution of the board, passed on May 26, 1902. The plaintiff alleges that he is the owner of 1,022 shares of the capital stock of the company; is now and has been for several years one of the trustees of the company; that under its certificate of incorporation the affairs of the company are managed by a board of nine trustees elected by the stockholders; the regular meetings of the board of trustees are held at the regular office of the company on the second Wednesday of each month, and special meetings may be held whenever called for by the president or any three members of the board; three members of the board, including the president, are a quorum for the transaction of business. The pleader proceeds to allege: "That in and by the said by-laws it is made the duty of the treasurer of the said company to draw and sign, and the duty of the president of said corporation to countersign, all checks or drafts upon the deposit funds of the company, when so ordered by the said board of trustees." It is further alleged that the defendant Gould is now the president of the company and the defendant Compton is now the treasurer, and both of them are trustees of the company; under the by-laws the treasurer is the custodian of the company's funds until they are divided or appropriated by the board of trustees; he is required to deposit in such bank as the trustees shall direct, and the bank account must be in the name of the company, and he must sign all checks which shall be countersigned by the president. The complaint then alleges that a special meeting of the board of trustees was held on the 17th of October, 1902; that at said meeting one of the trustees, Gregg Clark, after the treasurer had reported that he had in hand $20,000, collected from the government as aforesaid, moved that $10,000 of that be paid to the estate of Alexander T. Compton, deceased, for money advanced and services rendered by him; that this resolution was seconded by the defendant Gould, now president of the company; that at this meeting it was voted finally to postpone the matter until October 24, 1902, and a special meeting was called for that date. Plaintiff alleges that he attended this meeting on the 24th of October, and sat as a member of the board of trustees; that said Gregg Clark, one of the trustees, moved the previous question to the appropriation of $10,000 to the estate of Alexander T. Compton, deceased, the former president; that thereupon plaintiff served upon each member of the board of trustees then present, including the defendants, Gould and Compton, a written protest against the passage of this resolution; that no further action was taken, and the meeting adjourned. He alleges that there were present the defendants, Gould and Compton, and two other trustees named Swift and Clark. He further alleges that the estate of Alexander T. Compton, deceased, owns 2,525 shares, or a majority, of the capital stock, and that the defendant Gould and the trustees Alexander V. Roe and Gregg Clark hold only

10 shares each, and paid nothing therefor, and are the friends and. agents of the Compton estate in said board, and hold these 10 shares solely to qualify them to act as trustees for the benefit and advantage of the Compton estate. The pleader goes on to allege that Alexander T. Compton, deceased, never earned and was not entitled to recover any sum whatever from the company; that no bill of items of his claim was ever presented to the board of trustees, and that the said sum of $20,000 is deposited in the name of the defendant Compton, as treasurer, in the Broadway National Bank; that he is under no bonds to secure the company; that it is the intention of said board. of trustees to pass a resolution appropriating from the company's said funds of $20,000 the sum of $10,000, and directing the defendants to pay that sum to the personal representatives of Alexander T. Compton, Sr., deceased. He alleges that such conduct would be a. waste of the funds of the company and a misappropriation thereof, and unless restrained by the court the defendants will make this payment. He also alleges that the vice president, Charles N. Swift, has also presented a claim against the company for $6,000, and that said claim has no foundation in fact. He alleges that said payment of the defendants of the said $10,000 referred to would cause great and irreparable injury to the plaintiff and other owners and holders of the stock. The plaintiff then demands judgment restraining defendants from interfering with the sum of $20,000 by appropriating or paying any part of it to the estate of Alexander T. Compton, Sr., deceased, or to said Charles N. Swift. He also demands other relief not necessary to mention here, but does not ask for the appointment of a receiver. These allegations are clearly sufficient to constitute a cause of action under sections 1781 and 1782. The existence of the corporation is set forth; the character of the plaintiff as a trustee, and that of the defendants as co-trustees, are alleged, together with facts and circumstances justifying a conclusion that the defendant trustees, if not restrained, will make an unlawful alienation of the corporate property to the injury of the corporation and its stockholders.

The defendants claim, also, that the corporation is a necessary party defendant to this action. Such would be the case if this action were a stockholder's action against trustees for their wrongful acts. The rules governing stockholders' actions are quite familiar. Their right to sue the trustees or directors arises only when the corporation itself refuses to act upon the demand of the stockholder, and this demand or refusal must be alleged in the complaint "as an essential element of the cause of action," or facts excusing such demand must be averred. Miller v. Barlow, 78 App. Div. 331, 336, 79 N. Y. Supp. 964. A trustee of a corporation is not subject to this rule. He has an original right of action expressly conferred by sections 1781 and 1782 of the Code. Section 1781 enumerates those against whom the action may be brought as parties defendant, and section 1782 names those who may bring the action. Those who may sue are the attorney general, a creditor, trustee, director, manager, or other officer of the corporation, etc. Section 1782. Those who may be sued are trustees, directors, managers, or other officers of a corporation. Section 1781. The

corporation itself is not mentioned. In the present case the plaintiff, a trustee of a corporation, sues two other trustees to procure the relief mentioned in section 1781. He acts in a trust relation for the benefit of the corporation and its stockholders. Under such conditions it is not necessary to make the corporation itself a party, as the litigation can be completely determined without making it a party. The case of Miller v. Barlow, supra, cited by defendants, does not hold that in all cases brought under sections 1781 and 1782 the corporation is a necessary party defendant. The special circumstances of that case required that the corporation should be made a defendant. The complaint alleged acts of fraud on the part of the trustees, and asked that certain property alleged to have been misappropriated by them be restored to the corporation. These facts and others alleged, if proved, made a receivership necessary, and a receivership was included in the demand for relief. Manifestly, under those special circumstances, the corporation must be a party defendant; otherwise, there could be no complete determination of the controversy. The court say, at page 337, 78 App. Div., page 968, 79 N. Y. Supp., "that the corporation was a necessary and proper party to the complete disposition of the questions involved. * * *" The "questions involved" included the appointment of a receiver. For that reason the corporation became a necessary party. For these reasons I conclude that for the purposes of this action the United States Regulation Firearms Company is not a necessary party defendant.

Demurrer overruled, with costs.