ALFRED J. HIGGINS, Appellant, *v*. PHILIP APPLEBAUM and
Others, Respondents.

First Department, May 3, 1918.

Corporation — action by director against other directors and officers
for waste and for accounting — pleading — title of action need not
show representative capacity of plaintiff — when complaint
states single cause of action although corporation joined as
defendant.

Where the plaintiff, a director of a corporation, brings action under section
90 of the General Corporation Law to compel officers·of the corporation
to account for corporate property committed to their charge and to
compel them to pay over to the corporation tho value of any property
which they have acquired to themselves or wasted, etc., it is not necessary
for him to state in the title of the action that he sues in a representative
capacity if the complaint itself alleges that he is a director.

Where the action is brought against the defendant officers and the com-
plaint states no cause of action against the corporation itself it states
but a single cause of action, although the corporation is properly made
a party defendant to whom the individual defendants will be directed
to account and pay over.

APPEAL by the plaintiff, Alfred J. Higgins, from an inter-
locutory judgment of the Supreme Court in favor of the
defendants, entered in the office of the clerk of the county
of Bronx on the 8th day of February, 1918, sustaining a
demurrer to the complaint.

*Isaac N. Jacobson* of counsel [*May & Jacobson*, attorneys],
for the appellant.

*Henry W. Fried* of counsel [*I. Maurice Wormser* with him
on the brief], for the respondents.

PAGE, J.:

The defendants demurred to the complaint on three grounds:
*First*, that the plaintiff has not legal capacity to sue, because
the plaintiff has instituted this cause of action in his indi-
vidual capacity, whereas the said action should have been
brought in a representative capacity and on behalf of all the
other stockholders who desire to join; *second*, that the com-
plaint does not state facts sufficient to constitute a cause of

action, and the allegations contained in the complaint are insufficient in law upon the face thereof; and, *third*, that the alleged causes of action have been improperly united, in that there is an alleged cause of action attempted to be set forth against the A. S. H. Auto Company, Inc., and an attempt to set forth a separate and individual cause of action against the two individual defendants.

The justice at Special Term sustained the demurrer, stating: " It is impossible to ascertain from a study of the complaint just what causes of action the complaint does intend to set forth." Interlocutory judgment was entered sustaining the demurrer on the ground of insufficiency. All three grounds of demurrer have been argued upon this appeal.

As to the first ground of demurrer, the defendants have failed to appreciate the nature of the action. The plaintiff does not sue as a stockholder of the corporation on behalf of himself and other stockholders, but he brings his action under section 90 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28) to compel the defendants Applebaum and Stark to account for their official conduct in the management and disposition of the funds and property committed to their charge, and to compel them to pay to the corporation the value of any property which they have acquired to themselves or wasted by or through any neglect of or failure to perform their duty. Incidental to this relief, an injunction is sought to restrain them from a further waste of the assets of the corporation.

The complaint states that the plaintiff is a director of the corporation. The defendants seem obsessed with the idea that it was necessary for the plaintiff to state in the title of the action the representative character in which he sues; that is, as a director. But this is not necessary, as stated in the case of *Beers* v. *Shannon* (73 N. Y. 292, 297): " It has been held, on the other hand, that though there be nought in the title of the process or the complaint to give a representative character to the plaintiff, that the frame and averments and scope of the complaint may be such as to affix to him such character and standing in the litigation." A director of the corporation is expressly authorized by section 91 of the General Corporation Law to maintain this action.

As to the second ground of demurrer, an examination of the complaint shows that the cause of action is single, calling upon the individual defendants to account as directors and officers of the corporation for property of the corporation that they have diverted to their own use, and for the acts of waste which they have committed or are about to commit. There is no cause of action alleged against the corporation. The corporation is made a necessary party because the action is brought by the plaintiff as a director and as the representative of the corporation, and the prayer for judgment is that the individual defendants be directed to account and pay over to the corporation. The complaint sufficiently states a single cause of action.

Therefore the judgment should be reversed, with costs, and an interlocutory judgment granted overruling the demurrer, with costs, and giving the defendants leave to withdraw the demurrer and serve an answer within twenty days upon payment of the costs above specified.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendants to withdraw demurrer and to answer on payment of costs.