ANDROS P. ANDERSON, as Administrator, etc., of NIELSON F. E. ANDERSON, Sometimes Known as FRITZ ANDERSON, Deceased, Respondent, *v.* GUSTAVE CARLSON, Appellant.

Second Department, May 12, 1922.

Executors and administrators — action by administrator to recover money loaned defendant by intestate — administrator sole heir and next of kin of intestate and all debts against estate paid — counterclaim for debt due defendant from administrator individually proper — estate of administrator merged with his individual ownership.

In an action by an administrator of the estate of a decedent to recover a sum of money loaned defendant by the decedent, a counterclaim, alleging a debt due defendant by the administrator individually, is proper, where the administrator

is the sole heir at law and next of kin of the decedent and all debts and claims against the estate of the decedent are paid, as under those circumstances the estate of the administrator has merged with his individual ownership and the title to the claim upon which he sues has become vested in him individually.

APPEAL by the defendant, Gustave Carlson, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Suffolk on the 30th day of January, 1922, granting plaintiff's motion to dismiss defendant's counterclaim.

*Robert S. Snevily,* for the appellant.

*Isaac R. Swezey,* for the respondent.

JAYCOX, J.:

The defendant appeals from an order dismissing his counterclaim. The ground of dismissal was that the cause of action pleaded as a counterclaim was not against the plaintiff in the same capacity in which he sues. The plaintiff sues as administrator of his son's estate to recover a sum of money loaned by the plaintiff's son to the defendant. The answer admits the loan and sets up a counterclaim for a debt due from the plaintiff individually. The defendant, in his counterclaim, alleges that the plaintiff is the sole heir at law and next of kin of his son and as such is the sole owner of the claim mentioned in the complaint and that all the debts and claims against the estate of the decedent have been paid. The defendant's theory is that as the plaintiff is the sole heir and next of kin of his son and all the debts of the son have been paid the plaintiff is the owner in his own right of the claim against the defendant and that the trust estate which he held as administrator has become merged in his individual ownership. The defendant's position finds support both in the reasoning and the decision in *Blood* v. *Kane* (130 N. Y. 514). That was an action brought by the undertaker who buried the testator against the widow, who was the sole legatee and devisee, individually, to recover his bill for burying her husband. The widow was also the sole executrix and she set up as a counterclaim a debt due from the plaintiff to her husband. She proved that all the debts of her husband had been paid. The counterclaim was disallowed because it was not owned by the defendant in the same capacity in which she was sued. The judgment entered upon such dismissal was affirmed by the General Term (52 Hun, 225), but was reversed by the Court of Appeals. Chief Judge FOLLETT in his opinion said: " The trust estate of a sole executor, who is also the sole devisee and legatee, is solely for the benefit of the testator's creditors, and when they are paid the trust estate sinks into and is merged with the beneficial interest, and the sole devisee and legatee becomes

vested with the legal title of all the testator's estate." And also at page 519: " It is a universal rule that when the purpose of a trust has been fully accomplished, the title or estate of the trustee is at an end, and if he is also entitled to the beneficial estate, the two estates meeting in the same person are merged, and he becomes vested in his own right with the entire interest in the property." (Cited and followed in *Matter of Smith*, 46 App. Div. 318, 322.) Upon payment of all debts, legacies and charges against the estate, the title to the remaining assets would at once vest in the residuary legatees under the will without any transfer from themselves as executors. (*Matter of Mullon*, 145 N. Y. 98, 104. See Real Prop. Law, § 109.)

Under the circumstances set forth in the counterclaim, the estate of the administrator had merged with his individual ownership and the title to the claim upon which he sued had become vested in him individually. By suing in a representative capacity he could not prevent the claim against him in his individual capacity being interposed as a counterclaim. The order appealed from should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Blackmar, P. J., Rich, Kelly and Young, JJ., concur.

Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.