GILBERT GEER, JR., & Co., INC., Respondent, *v.* WILLIAM
J. FAGAN, Appellant.
By Original Summons
And Between the Said
WILLIAM J. FAGAN, Plaintiff, *v.* GILBERT GEER, JR., & Co., INC.,
and Others, Defendants.
By Counterclaim.

Third Department, November 2, 1938.

*Tierney & Kenney* [*Thomas V. Kenney* and *Thomas P. McLaughlin* of counsel], for the appellant.

*H. P. Humphrey*, for the respondent.

BLISS, J. The plaintiff, a small, closely-held corporation, originally brought this action against the defendant Fagan for moneys claimed to be due it because of excess withdrawals in anticipation of extra salary profits and credits. The said defendant, a minority stockholder, set up in his answer a counterclaim against the corporation and its directors for their mismanagement of the corporate affairs, an accounting, the restitution of moneys improperly received by these directors and the payment to said defendant of his share of the corporate income thus misappropriated by these directors. Such a representative action by a minority stockholder against the corporation and its directors is amply sustained by authority. (*Sage* v. *Culver*, 147 N. Y. 241; *Jones* v. *Van Heusen Charles Co.*, 230 App. Div. 694; *Earl* v. *Brewer*, 248 id. 314; affd., 273 N. Y. 669.) This counterclaim was struck out of the answer by the court below as one which might not properly be interposed because the proceeds to be realized as the result thereof belonged to the corporation and not to the defendant stockholder.

Under section 266 of the Civil Practice Act a counterclaim may be *any* cause of action in favor of a defendant against the plaintiff and other persons alleged to be liable. The counterclaim in this case is made against the plaintiff corporation and the individual directors who are alleged to be liable not to the plaintiff but to the answering defendant stockholder. A money judgment in his favor against the corporation and its directors is asked for. Such an action comes within the terms of the section. It is to be noted that this section is new and very broad in its terms and that the practice with respect to the allowance of counterclaims has been greatly liberalized. The proof of the cause of action alleged in the complaint will require an examination of the corporation's books over a period of several years. Likewise the proof required to substantiate the counterclaim will consist, in part at least, of an examination of the same books over substantially the same period of time. The advantages to be here derived from a single trial of these issues are at once apparent. Unusual complications or possible prejudice of the rights of any party in a particular case can be avoided by exercise of the court's discretion in permitting the severance of actions. This case would thus appear to be one of those which the newly liberalized statute was intended to include.

The order below should be reversed, in so far as appealed from, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur.

Order reversed on the law and facts, in so far as appealed from, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.