FRANK M. KATZ, Plaintiff, *v.* JACK J. BRAZ et al., Defendants.*

Supreme Court, Special Term, New York County, November 1, 1946.

* See, also, *Singer* v. *State Laundry, Inc.*, 188 Misc. 583.— [REP.

*Abraham Fishbein* for Alex Cohen and another, defendants.

*Alfred B. Nathan* for plaintiff.

WALTER, J. A director of a corporation brings this action against another director to compel him to account for official misconduct in the management and disposition of the property of the corporation. He joins as defendants the corporation itself and also certain third persons who are alleged to have conspired with such director in injuring the corporation and its business and property and to have received some of such property.

Those third persons move to dismiss the complaint as insufficient as to them.

Plaintiff expressly disclaims any intent to bring a stockholder's derivative action in behalf of the corporation. He places his right to maintain the action squarely upon sections 60 and 61 of the General Corporation Law. Section 60 says that an action may be brought against one or more of the directors or officers of a corporation to procure a judgment to compel the defendants to account for their official conduct, to pay to the corporation any money and the value of any property which they have acquired to themselves or transferred to others or lost or wasted, or to set aside a transfer of property made by one or more directors or officers contrary to law. Section 61 says that such action may be brought by the corporation or a creditor, receiver or trustee in bankruptcy thereof, or by a director or officer of the corporation.

The complaint here under attack exhibits commendable restraint in avoiding the bitter invective and lavish characterizations of conduct so frequently met with, but its factual allegations plainly are sufficient to charge wrongdoing, and the only really substantial question raised is whether the statement in section 60, that the action may be brought against one or more of the directors or officers of a corporation, prevents maintenance of the action against third persons.

If those words above appeared, there might be some substance to defendants' contention that third persons cannot be joined; but as part of the relief authorized is the setting aside of transfers of property, and as a transfer of property never could be set aside without making the transferee a party to the suit, it seems manifest that it never was intended to prevent transferees from being joined and that to construe the statute

as not authorizing the joinder of anyone other than directors and officers of the corporation would defeat its manifest purpose and intent.

And that is the view which heretofore has been taken (*Sherwood* v. *Holbrook,* 178 App. Div. 462; *Schwartz* v. *Kahn,* 183 Misc. 252, 257, per PECK, J.; and see, also, *Whalen* v. *Strong,* 230 App. Div. 617, 622).

The cause of action belongs to the corporation, and if it were not for the statute a director attempting to assert it would be subject to the rules applicable to suits by stockholders suing in the right of the corporation; but the statute expressly gives the director the right to sue and does not require that he first demand that the corporation bring the suit (*Miller* v. *Barlow,* 78 App. Div. 331; *Higgins* v. *Applebaum,* 183 App. Div. 527; *Green* v. *Compton,* 41 Misc. 21, 25).

The motion is accordingly denied.