Callahan, J.
These consolidated appeals are from orders entered on motions addressed to the pleadings in a stockholder’s derivative action brought by plaintiff on behalf of Bosemarie de Paris, Inc. (hereinafter called Bosemarie), and Binon Chocolates, Inc. (hereinafter called Binon), against various officers and directors of these corporations and others.
Plaintiff appeals from the parts of an order which deny her motion to dismiss certain counterclaims set forth in the answer of defendants Bosemarie and Binon. The counterclaims are essentially alike, and allege, in substance, that the plaintiff was a director and officer of Bosemarie and Binon during certain specified periods which are substantially the same as the times specified in plaintiff’s complaint, and that she was active in the management and control of the corporation’s business. The counterclaims then state that “ plaintiff personally and officially was aware of, aided, abetted, participated in and approved the various acts concerning the affairs, property and funds of this defendant, which in her present complaint she alleges to have been wrongfully done from time to time * * * and many of the payments during such period from the funds of this *508 defendant which she now charges in her present complaint to have been improper and actionable, were actually and intentionally made or directed by the plaintiff herself and for her pecuniary advantage.”
The counterclaims further state that by reason of the facts alleged and the charges found in plaintiff’s complaint, the acts which plaintiff alleges to have been done from time to time were in violation of the rights of Rosemarie and Binon, and plaintiff is responsible and accountable as an officer and director thereof for damages.
Plaintiff moved to dismiss the counterclaims contending, first, that they do not state facts sufficient to constitute a cause of action, and, secondly, that they are not such counterclaims as may properly be interposed in this derivative action.
The claim of insufficiency is based on the contention that, as pleaded, the counterclaims do not allege facts concerning plaintiff’s conduct affirmatively, either by direct averment or by incorporating in the counterclaims any specific paragraphs found in the complaint. The matter pleaded merely refers to the facts alleged and the charges made by plaintiff in her complaint without adequately realleging same.
We think that plaintiff’s contentions in this regard are sound, and that the counterclaims are insufficient in form.
In addition to this defect in form we find that the counterclaims are not such as may be interposed in this action. Plaintiff will have no personal interest in any recovery in the action. We have frequently held that despite the broad provisions of section 266 of the Civil Practice Act, stockholders suing derivatively are not subject to counterclaim against them as individuals. (Roth v. French Operators, Inc., 253 App. Div. 702; Bergamini v. Sparks, 256 (App. Div. 1071; Darling Stores Corp. v. Beatus, 268 App. Div. 852.)
Section 266 of the Civil Practice Act says that “ A counterclaim may be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom the plaintiff represents or a plaintiff and another person or persons alleged to be liable.” That this broad definition did not intend that the right or interest in which a plaintiff was suing should be disregarded is indicated by the provisions of subdivision 3 of section 267 of the Civil Practice Act, which states in substance, that if a plaintiff ‘ ‘ has no actual interest in the contract upon which ” an action is founded, “ a demand against the plaintiff shall not be allowed as a counterclaim * * # ”
Although the present action is not one upon a contract, it is *509 one where the plaintiff who brings it is not interested in her individual capacity in any relief sought. The rule is established by the cases that a plaintiff so suing may not be subjected to a counterclaim against her individually.
That defendants’ claim if successful would bring additional benefits to the corporations in whose behalf plaintiff is suing would not make them proper as counterclaims. If anything, this circumstance would tend to show they were parallel claims and not counterclaims.
Nor would the circumstance that the claims relate to the same transactions be determinative as to whether they could properly be asserted as counterclaims where the plaintiff has no personal interest in the result. The similarity of the transactions might, of course, have some bearing on whether separate actions involving these respective claims should be consolidated and tried together.
The decision in Geer, Jr., S Co., Inc., v. Fagan (255 App. Div. 253 [3rd Dept.]) cited by defendants does not appear to hold anything contrary to the views herein expressed. There the action was brought by a corporation against a minority stockholder to recover overdrafts made by defendant while in plaintiff’s employ. The defendant counterclaimed against plaintiff, together with its majority stockholders and its officers and directors, asserting the right to recover on several forms of relief, including an offset of a particular sum alleged to be due defendant by plaintiff for salary, recovery of any loss which defendant sustained by certain acts of misconduct charged against the officers and directors, relief restraining the directors from continuing certain acts, the removal of the directors, an accounting, etc. While some of the relief sought by defendant in the cited case might appear to be derivative in nature, it was not so pleaded. The court held that the matters involved might be properly the subject of counterclaims. But it is to be noted that the plaintiff there was a corporation suing in its own right and not a stockholder suing derivatively, and the counterclaims were against the plaintiff and others. (Civ. Prac. Act, § 271.)
Here the counterclaims bf Rosemarie and Binon are asserted against a stockholder suing derivatively. They are not properly interposed under the circumstances, and should be stricken without prejudice to an independent action thereon.
Turning to the appeals by defendants Rosemarie and Rene Boel from orders denying their motions to dismiss the complaint, we find that these motions relate to the sufficiency of the third cause of action which is asserted against all defendants, *510 except those on whose behalf the action is brought. We will assume, arguendo, the right of the corporate defendant to attack this cause of action. Clearly, appellant Boel has that right. This third cause of action repeats various allegations .of the first cause of action including specifications of misconduct by officers and directors set forth therein, and then charges that “ * * * the defendants other than the directors/officers entered into a fraudulent conspiracy among themselves to ■ induce, and they and each of them did induce, the directors/ officers, and they and each of them entered into a fraudulent conspiracy with the directors/officers, to violate their duties as directors and officers * * * to waste the assets of Bosemarie * * V’
■ It is said that there is no statement of ultimate facts showing misconduct by Boel in the foregoing. Beading the repeated allegations with those above quoted, we think thát the complaint is sufficient. Those who conspire with and induce directors to breach their fiduciary duties are liable for any damages which ensue (Lonsdale v. Speyer, 249 App. Div. 133, 141).
The facts showing the violation of fiduciary duty are found in the allegations repeated from the first cause of action. The charge that defendant Boel conspired with and did induce the officers and directors to commit these violations appears to be a statement of ultimate fact, and not a mere conclusion of law.
The motion to dismiss the third cause of action was properly denied.
The orders, insofar as.appealed from by plaintiff, should be reversed each, with $10 costs and disbursements to the plaintiff and the motions granted.
The order, insofar as appealed from by defendants, should be affirmed, with $10 costs and disbursements to plaintiff.
Mabtin, P. J., G-lenítox and Cohn, JJ., concur.
Orders, so far as appealed from by plaintiff, unanimously reversed each, with $10 costs and disbursements to the plaintiff and the motions granted. Order, so far as appealed from by the defendants, unanimously affirmed with $10 costs and disbursements to the plaintiff.” Settle orders on notice. [See post, pp. 952, 998.]