■ In the Matter of the Accounting of NATHAN BLUMENGARTEN, as Executor of THOMAS A. FAULKES, Deceased. In the Matter of the Estate of THOMAS A. FAULKES, Deceased. CAROLINE E. GEST, as Executrix of THOMAS A. FAULKES, Deceased, Appellant; NATHAN BLUMENGARTEN, as Executor of THOMAS A. FAULKES, Deceased, Respondent.— Appeal from an order of the Surrogate's Court, Nassau County, directing appellant, the coexecutrix, to account. Order affirmed, without costs. The will named respondent and appellant as coexecutors. Appellant, the testator's daughter, was the sole beneficiary under the will and the testator had no creditors. Part of the testator's "estate" consisted of property held in trust by the testator for appellant and others. Those trust assets were part of the "estate" only for accounting and tax purposes. Appellant and respondent both qualified as executors. Appellant paid the funeral bill out of her own funds and paid the Federal and State inheritance or transfer taxes. Respondent received no assets and paid out no money because appellant took possession of the assets and excluded him from participating in the management of the estate. A coexecutor who is willing to perform his statutory duties is entitled to participate in the administration and cannot be deprived of his right to earn his commissions by the acts of his cofiduciary who was responsible for his inability to render services to the estate (*Matter of Purdy*, 129 Misc. 297; *Taylor* v. *Taylor*, 223 Ky. 799). A person named and appointed as a sole executor who is also the sole legatee under the will may obtain legal title without a formal transfer from himself as executor if there are no debts or if all the debts have been paid (*Matter of Mullon*, 145 N. Y. 98, 104; *Gensinger* v. *Commissioner of Internal Revenue*, 208 F. 2d 576, 582). Appellant, a sole legatee, was not a sole fiduciary and may not deprive respondent of his right to earn his statutory commissions. There was not such a merger of the appellant's rights as a fiduciary with her beneficial right to ownership as an individual as would vest title in her individually and completely (cf. *Anderson* v. *Carlson*, 201 App. Div. 260) and deprive respondent of his right to partake in the administration of the estate and earn his commissions (see e.g., *Matter of Bushe*, 227 N. Y. 85, 89). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.