Harold Tessler, J.
Plaintiff, in his capacity as a director of the Dean Paving Corp. (hereinafter called Dean) has brought this action to compel the defendant Joseph'A. Gazza (hereinafter called Gazza), a director and president of Dean, to account for his alleged misconduct in office in executing a confession of judgment in favor of the defendant Huntington Utilities Fuel Corp. (hereinafter called Huntington) on October 15, 1958, in the sum of $29,857.47, inclusive of interest. The instant action was consolidated and tried together with the Suffolk County action entitled “ Joseph Gazza, etc. v. George J. Craven, Harold J. Craven and Dean Paving Corporation ”. In this latter action, Gazza, as plaintiff, sues on behalf of Dean (1) to enjoin Craven from prosecuting the instant action, (2) for an accounting of the affairs of Dean and (3) for money damages.
At the time of the execution of this confession of judgment, Gazza was a director and secretary of Huntington, the judgment *495 creditor. Plaintiff also seeks the removal of Gazza as a director and president of the judgment debtor and money damages, both compensatory and punitive, resulting from the execution and sale pursuant to the foregoing confession of judgment and the alleged willful torts committed by the defendants Gazza and Huntington.
The evidence adduced upon the trial shows that the aforesaid confession of judgment formed the basis for an execution and Sheriff’s sale of all of Dean’s assets and property to Huntington for the sum of $4,000 — the fair market value of which would appear to be in excess of $40,000. Plaintiff’s case is based solely on the contention that the confession of judgment by Gazza was unauthorized and was based ‘ ‘ upon a false and untrue consideration alleged to be owed to the defendant, Huntington ’ ’.
Defendants Gazza and Huntington deny that the confession of judgment, its entry, execution and sale thereunder, were improper. Their principal defenses are: (1) that plaintiff George J. Craven personally agreed with Gazza to have Dean pay a rental for the use and occupation of certain premises and facilities owned by Huntington and to pay for supplies and the repair of equipment and (2) that in April of 1956 plaintiff Craven and he (Gazza) entered into an agreement by which Dean was to assume and pay certain existing chattel mortgages on Huntington’s machinery and equipment; that Huntington was a third-party beneficiary of this agreement and Dean’s failure to pay the foregoing caused Dean to become indebted to Huntington in a sum exceeding $29,857.47.
In addition to the foregoing defenses, Gazza and Huntington have pleaded the following four defenses: (1) that the present action is a collateral attack upon a judgment; (2) that plaintiff lacks capacity to sue insofar as he seeks a decree removing Gazza as president; (3) that no cause of action is stated because punitive damages are sought herein, and (4) that the bringing of this action was “ an unauthorized and ultra vires act ”. Huntington also pleads the defense of estoppel. The court finds these five defenses to be insufficient in law on the face thereof.
Defendant Gazza has also asserted seven counterclaims against plaintiff George J. Craven individually. However, none have been asserted against the corporation in whose behalf this action was brought.
Stripped of nonessentials, the issue here presented is whether Gazza, as president and director and the owner of 40% of the issued stock of Dean, had power to confess judgment against said corporation in favor of Huntington, a corporation of which he *496 was a director and stockholder and as a result of which Dean was divested of all of its assets.
The evidence clearly establishes that Gazza never had any authority, written or oral, from the board of directors or stockholders of Dean to execute a confession of judgment. There is nothing in the certificate of incorporation or by-laws of Dean which expressly or impliedly vests any power or authority in its president to confess judgment. Indeed, section 1 of article VIII of the by-laws provides that: “ All bills payable, notes, checks, drafts, warrants or other negotiable instruments of the Corporation shall be made in the name of the Corporation, and shall be signed by the Secretary or Treasurer and countersigned by the President or Vice President. No officer or agent of the Corporation, either singly or jointly with others, shall have the power to make any bill payable, note, check, draft or warrant or other negotiable instrument, or endorse the same in the name of the Corporation, or contract or cause to be contracted any debt or liability in the name or in behalf of the Corporation, except as herein expressly prescribed and provided.” (Emphasis supplied.)
Thus, it is apparent that Gazza could not, alone, execute any bills, notes, checks, drafts, or other negotiable instruments for the corporation, and as officer or agent of the corporation he was forbidden to ‘ ‘ contract or cause to be contracted any debt or liability in the name or in behalf of the Corporation ” without the signature of the secretary, countersigned by the president. If unable to legally perform any of the foregoing, it is obvious that Gazza could not, on his own authority, confess judgment for the corporation.
While there is no New York case law on the precise question, it is stated in Corpus Juris Secundum (Vol. 19, Corporations, § 1067, p. 606): “ As a general rule the president has no power merely by virtue of his office to confess judgment against the corporation or to execute a warrant or power of attorney to another to confess such judgment, even though he owns most of the corporate stock. This general rule is especially applicable where the president is interested in the claim sued on, or the confession of judgment is in his favor, even though no fraud is imputable to him, or where the corporation has ceased to do business, or where the effect of the judgment will be to divest the corporation of practically its entire property.” (See, also, 2 Fletcher, Cyclopedia Corporations [1954 rev. vol.] § 619.)
On the basis of the evidence before the court, the conclusion is inescapable that Gazza lacked authority to confess the judgment *497 in question. His claim that plaintiff Craven has likewise confessed several judgments for the corporation is of little substance and is no defense to this action. If such confessions by Craven were made improperly, Gazza’s remedy would be in the nature of an independent action for redress on behalf of the corporation. It is significant to note that there is no proof or evidentiary matter of any nature offered on the trial to indicate such confessions of judgment by Craven in any way caused damage to Dean.
As for the counterclaims asserted against the plaintiff personally, it need only be pointed out that the plaintiff did not bring this action individually but rather in his representative capacity to vindicate the right of the corporation. (Tenney v. Rosenthal, 6 N Y 2d 204.) Hence, claims against him in his individual capacity cannot here be asserted. (See Sado v. Marlun Mfg. Co., 196 N. Y. S. 2d 32.)
The defense of Huntington based upon the agreement of the two individuals for Dean to pay rent and for the repair of equipment and supplies is likewise improperly interposed in this action. Nowhere is it alleged, nor has proof been made, that Dean itself agreed to make the payments allegedly relied upon. Additionally, the defense of the defendant Gazza that Huntington became the third-party beneficiary of an agreement between him and the plaintiff is not only conclusory but is unsupported by the evidence adduced upon the trial.
The court has carefully considered the defendants ’ contention that the Cravens, by their actions and conduct, actually destroyed the corporate entity of Dean and that the plaintiff cannot in this action reinstate or resurrect such corporate entity for his own purposes. I find no merit in this contention and it is not supported by the evidence. Cases cited by the defendants are not comparable nor are they referable to the facts in the instant case.
Accordingly, an interlocutory judgment will be entered in favor of the plaintiff against the defendants Gazza and Huntington directing: (1) that the confession of judgment and any and all proceedings thereunder be declared null and void and in all respects set aside; (2) that the defendants Gazza and Huntington return, within 20 days of the service of a copy of this judgment with notice of entry thereof, all properties, moneys and things of value received by them as the result of the execution and sale pursuant to the confession of judgment or, in the alternative, pay the reasonable value thereof as of the date of levy as well as any damages that may have been *498 sustained by Dean as the result of the conduct of the defendants, including such reasonable counsel fees as might be authorized by law.
The counterclaims asserted by the defendant Gazza are dismissed on the merits, as is also the complaint in the Suffolk County constituent action.
Inasmuch as the plaintiff conceded during the trial that the defendant Huntington had performed certain valuable services and that Dean was indebted therefor, the reasonable value of said services will be awarded to Huntington and the same may be offset against any sum that may be found due and owing to Dean.
Within 20 days of the service of a copy of the interlocutory judgment to be entered herein, with notice of entry thereof, the defendants Gazza and Huntington will serve and file a verified accounting of all properties, moneys and other things of value received by them as the result of the execution and sale under the confession of judgment, setting forth what property, if any, has been disposed of since such execution and sale and the circumstances thereof, and describing the services rendered to Dean and the claimed reasonable value thereof. Within 10 days after the receipt of such verified accounting, plaintiffs may serve and file verified objections thereto. Any issues raised by such objections are referred to the Honorable Samuel S. Tripp, Special Referee, to hear and report, including the damages that Dean may have sustained as the result of the confession of judgment and the levy and sale thereunder and such reasonable counsel fees as may be authorized by law. Upon the coming in and confirmation of the Special Referee’s report, a final judgment may be entered.