HAMILTON N. CONANT, Respondent, *v.* LARRY SCHNALL, Appellant.

Third Department, March 2, 1970.

*Tabner & Carlson* (*Stuart J. Justice* of counsel), for appellant.

*Jerry Zohn* and *William Schoonmaker* for respondent.

GREENBLOTT, J. This is an appeal from (1) an order of the Supreme Court at Special Term, entered in Albany County on June 5, 1969, which granted plaintiff's motion to dismiss defendant's affirmative defenses and counterclaims and for summary judgment, and (2) the judgment entered thereon.

The parties hereto were the sole officers, directors and stockholders of Leisureville-In-Colonie, Inc., a corporation formed to acquire real property and erect apartments thereon. They entered into a buy-out agreement which provided that the defendant would pay the plaintiff $60,000 for the plaintiff's interest in the corporation. The sum of $41,000 was paid at that time and the balance was to be paid at a later date. Upon the defendant's refusal to pay the balance due, plaintiff commenced this action.

The defendant counterclaimed for damages in excess of $100,000 on the theory of waste and mismanagement. While stating that "the counterclaim alleges sufficient facts * * * and therefore would stand * * * if properly pleaded", Special Term held that it asserted a derivative action under section 626 of the Business Corporation Law. Consequently, since it was found that defendant failed to properly plead in accordance with section 626, the counterclaims were dismissed. Since the defendant did not, and does not now, controvert any of the allegations in plaintiff's complaint, summary judgment was granted.

The counterclaims should not have been dismissed. Section 720 of the Business Corporation Law permits an officer or director of a corporation to bring an action against another officer or director for his "neglect of, or failure to perform or other violation of his duties in the management and disposition

of corporate assets committed to his charge ''. An action under section 720 differs from an action under section 626 in many crucial respects. It is not derivative but original, being a statutory right of action rather than an equitable one. This being so, the director may sue in his own name and need not allege his representative capacity (*Wangrow* v. *Wangrow,* 211 App. Div. 552). While the cause of action and right of recovery actually belong to the corporation (*Syracuse Tel.* v. *Channel 9, Syracuse,* 28 A D 2d 638), and the director is suing as a representative (*Tenney* v. *Rosenthal,* 6 N Y 2d 204), the corporation is only a proper party, neither necessary nor indispensable (see *Platt Corp.* v. *Platt,* 21 A D 2d 116, affd. 15 N Y 2d 705). Thus, as intended by the Legislature, none of the traditional rules (e.g., demand, stock ownership, judicial approval of settlements) surrounding a derivative action apply to an action under section 720 (*Katz* v. *Braz,* 188 Misc. 581, affd. 271 App. Div. 970).

Tested by these standards, defendant's counterclaims more than meet the requirements of section 720. Each cause of action states that the corporation has suffered a loss, and that defendant was a director and officer. Contrary to plaintiff's contentions, defendant was not required to allege that the counterclaim was a class action on behalf of all similarly situated stockholders, that a demand was made on the directors or the corporation, or the reasons why the corporation failed to bring the action.

Plaintiff contends that the counterclaims may not properly be interposed in this action. It is the general rule that a defendant may counterclaim against the plaintiff only in the capacity in which he is sued because of the possibility of prejudice to the person represented (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.08). For example, a shareholder bringing a derivative action is not subject to counterclaims against him individually. (See *Craven* v. *Gazza,* 36 Misc 2d 493, mod. on other grounds 19 A D 2d 646, app. dsmd. 14 N Y 2d 542.) This limitation, however, breaks down when the representative is also the real party in interest. Thus, where an administrator, who is also the sole heir, brings an action in his representative capacity, he is subject to individual counterclaims (*Anderson* v. *Carlson,* 201 App. Div. 260). The theory of such a result is that his two capacities merged. (See *Cutler* v. *Hartford Life Ins. Co.,* 22 N Y 2d 245; *Geer, Jr. & Co.* v. *Fagan,* 255 App. Div. 253.) In this case, the defendant is the sole shareholder, officer and director of the corporation. Although asserting the counterclaims in his representative capacity, he is also the real party in interest. He effectively possesses the corporate cause of action in his own right.

A summary judgment may not ordinarily be granted where a counterclaim in excess of the amount demanded in the complaint has been interposed. In this case, however, the allegations in plaintiff's complaint are undisputed. Defendant's opposing affidavits do not even mention the complaint. Under these circumstances, there is no need to require the plaintiff to go to trial on a clearly meritorious, uncontested cause of action. The entry of the judgment on the complaint should be stayed pending the determination of the counterclaims.

The order should be modified, on the law, so as to deny the motion to dismiss the counterclaims, and, as so modified, affirmed, without costs. The judgment should be affirmed, without costs, and proceedings to enforce such judgment stayed pending determination of the counterclaims.

HERLIHY, P. J. (concurring in part and dissenting in part). On November 9, 1966, the parties hereto executed an agreement dated October 31, 1966 wherein the plaintiff agreed to sell his interest in the land and to transfer his stock in the corporation, resign as an officer and director and execute a general release to the defendant, and upon execution of the necessary documents, the defendant agreed to pay the plaintiff $60,000. In accordance therewith, the defendant did pay the plaintiff $41,000, the balance to be paid upon delivery of certain certificates of occupancy. It is admitted in the pleadings that the said certificates were delivered on or about July 26, 1967 (approximately eight months after signing the agreement), but that the balance of $19,000 has not been paid. In addition to the above terms the agreement contained certain covenants on the part of the " seller " and then states: " 2. The Purchaser hereby indemnifies the Seller from any and all liability in any way connected with the following: * * * d. Construction expenses incurred by the Corporation for the garden apartment complex referred to above." The purpose of the agreement was the desire of both parties " to terminate their business relationship and interest in said real property and Corporation ".

After joinder, the defendant was permitted to serve an amended answer in which he set forth counterclaims, the theory of which was waste and mismanagement of the corporate assets by the plaintiff, based primarily upon allegations that the plaintiff awarded contracts for sums of money which were excessive and resulted in dissipation of corporate assets. The complaint is for money due under the agreement, which was signed by the defendant individually and who contends that the counterclaims are for the benefit of the corporation instituted by him in a derivative capacity. The defendant asserts this counterclaim

under section 720 of the Business Corporation Law, which permits an officer or director of a corporation to bring an action against another officer or director for " neglect of, or failure to perform or other violation of his duties in the management and disposition of corporate assets committed to his charge ". But this section was not intended to be interposed under the present circumstances. The plaintiff brought this action in his individual capacity, against the defendant in his individual capacity. Thus, plaintiff is no more subject to a counterclaim in a capacity different from the one in which he sued than a shareholder bringing a derivative action (*Craven* v. *Gazza,* 19 A D 2d 646, app. dsmd. 14 N Y 2d 542). Nor may defendant counterclaim in a capacity different from the one in which he was sued.

The fact that the defendant is also a director cannot overcome the obvious fact that he is the sole shareholder and, in the absence of an allegation requiring the protection of creditors, is bringing these counterclaims for his sole benefit. In truth, based upon the present pleadings, the action is actually an individual action since only the defendant will benefit from the recovery (cf. *Capitol Wine & Spirit Corp.* v. *Pokrass,* 277 App. Div. 184, affd. 302 N. Y. 734). The defendant may not protect himself from personal liability by using the corporation as a shield. This is not to say, however, in different circumstances that the corporation could not bring an action against the plaintiff for waste and mismanagement.

The contract in question between the parties was for the express purpose of terminating their business relationship in the corporation and, in the absence of fraud, should be given such effect as between them. If the defendant had been the victim of a fraud as the result of the conduct of the plaintiff, then he would suffer a personal loss as the value of the stock he purchased would be diminished. Here, the counterclaims are not based on fraud and, accordingly, should be dismissed (cf. *Cutler* v. *Hartford Life Ins. Co.,* 22 N Y 2d 245; *Greenfield* v. *Denner,* 6 A D 2d 263, revd. 6 N Y 2d 867).

I would affirm the order and judgment of Special Term.

REYNOLDS, COOKE and SWEENEY, JJ., concur with GREENBLOTT, J.; HERLIHY, P. J., concurs in part and dissents in part, in an opinion.

Order modified, on the law, so as to deny the motion to dismiss the counterclaims, and, as so modified, affirmed, without costs. Judgment affirmed, without costs; proceedings to enforce such judgment stayed pending determination of the counterclaims.