■ WILLIAM L. BROWN, Respondent, v LEILA F. BROWN, Individually and as a Partner of INSTRUMENT ASSOCIATES, INC., and as Executrix of WILLIAM V. BROWN, Deceased, et al., Appellants. (Matter No. 1.) LEILA F. BROWN, as Trustee, Appellant, v INSTRUMENT ASSOCIATES, INC., Respondent. (Matter No. 2.)—In an action, *inter alia,* to impress a constructive trust on a parcel of real property (matter No. 1), the defendants appeal (1) from so much of a judgment of the Supreme Court, Nassau County (Kelly, J.), dated December 18, 1986, as (a) adjudged that the plaintiff is the owner of the subject premises, (b) directed them to convey said premises to the plaintiff, and (c) dismissed the first, second and third counterclaims asserted by the defendant Leila Brown, and (2) from so much of an order of the same court, dated December 5, 1986 (matter No. 1), as denied that branch of their motion which was to recover actual damages arising from the plaintiff's contempt of an order of Justice Berman dated July 16, 1984, and in a summary proceeding to recover possession of the subject premises (matter No. 2), the petitioner appeals from an order of the same court dated December 5, 1986, which dismissed the proceeding to recover possession of the subject premises.

Ordered that the appeal from the order dated December 5, 1986, and made in matter No. 1 is dismissed; and it is further,

Ordered that the order dated December 5, 1986, and made in matter No. 2 is affirmed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof dismissing the defendant Leila Brown's second counterclaim and so much of the first counterclaim as is asserted on behalf of Instrument Associates, Inc. (2) adding thereto a provision modifying the order dated December 5, 1986, and made in matter No. 1, by deleting the provision thereof denying the defendants actual damages on their motion to punish the plaintiff for contempt; as so modified, the judgment is affirmed, for reasons stated by Justice Kelly in his memorandum decision; and it is further,

Ordered that the petitioner Leila F. Brown is awarded one bill of costs payable by Instrument Associates, Inc.; and it is further,

Ordered that matter No. 1 is remitted to the Supreme Court, Nassau County, for further proceedings with respect to the second counterclaim and so much of the first counterclaim as is asserted on behalf of Instrument Associates, Inc., and with respect to that branch of the defendants' motion which

was to recover actual damages arising from the plaintiff's contempt.

The appeal from the intermediate order in matter No. 1 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We conclude that the trial court erred in dismissing the first and second counterclaims interposed in matter No. 1 by the defendant Leila Brown insofar as they allege that the plaintiff misappropriated corporate funds for his personal benefit. The trial court determined that that defendant did not have standing under Business Corporation Law § 720. Under the circumstances of this case, we find that that defendant had the requisite standing to recover damages, on behalf of the corporation, for the plaintiff's alleged violation of his duties in managing this family-owned corporation.

The evidence presented at the trial established that the corporation came into existence in 1982 upon the filing of a certificate of incorporation with the Secretary of State (Business Corporation Law § 403). The plaintiff and the defendant Leila Brown, his mother, are the sole owners of the corporation. The corporation was formed with the understanding that the plaintiff would be president and the defendant Leila Brown would be vice-president. Although there was no formal election of officers and shares were never issued, the plaintiff thereafter conducted business in the name of the corporation. Clearly the defendant Leila Brown is the only person besides the plaintiff who owns an interest in this corporation. Although the right of recovery for the alleged improper actions of the plaintiff belongs to the corporation, the claims can be brought in the defendant Leila Brown's name *(see, e.g., Bertoni v Catucci,* 117 AD2d 892; *Conant v Schnall,* 33 AD2d 326). Furthermore, it was not necessary to join the corporation as a party *(see, Conant v Schnall, supra).*

Matter No. 1 is remitted to the trial court for a determination of the merits of so much of the first and second counterclaims as sought an accounting by the plaintiff of corporate assets and damages for any corporate funds found to have been misappropriated *(see, Wolff v Wolff,* 67 NY2d 638, *rearg denied* 67 NY2d 918, *mot to amend remittitur denied* 68 NY2d 754). However, the third counterclaim and portions of the first counterclaim assert claims by the defendant Leila Brown

against the corporation, rather than on behalf of the corporation, which is not a party to this action. Such claims fall outside the scope of Business Corporation Law § 720 and were properly dismissed.

In view of the fact that the matter is being remitted for a determination of the allegations of corporate waste, the trial court should also reconsider that branch of the defendants' motion which was to punish the plaintiff for contempt which sought restitution to the corporation of any sums appropriated by the plaintiff in violation of the order of Justice Berman dated July 16, 1984. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.