In an action pursuant to Business Corporation Law §§ 626 (b) and 720 (b), inter alia, to recover damages for diversion of corporate assets and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered October 11, 2011, as, in effect, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 to dismiss the fourth cause of action, which sought a judgment declaring that a certain resolution of the shareholders is invalid and unenforceable insofar as asserted by the plaintiff Gabel Equipment Corporation.
Ordered that the appeal by the plaintiff Christopher Gabel, in his capacity as a shareholder in Gabel Equipment Corporation, in the right of Gabel Equipment Corporation, and on behalf of all other shareholders similarly situated, is dismissed, as that plaintiff is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
*911 Ordered that the order is reversed insofar as appealed from by the plaintiff Gabel Equipment Corporation, on the law, with costs, and that branch of the defendants’ motion which was to dismiss the fourth cause of action insofar as asserted by the plaintiff Gabel Equipment Corporation is denied.
Christopher Gabel (hereinafter Christopher), as a shareholder in Gabel Equipment Corporation (hereinafter Gabel Equipment), in the right of Gabel Equipment and on behalf of all other shareholders similarly situated, and Gabel Equipment commenced this action alleging, inter alia, that the defendant Paul V. Gabel (hereinafter Paul), while he was president of Gabel Equipment, had misappropriated corporate funds, diverted corporate assets, and breached his fiduciary duty. The complaint alleged five causes of action. In the fourth cause of action, the plaintiffs sought a judgment declaring a certain resolution, which concerned retirement payments to Paul and which was passed while Paul was president and before Christopher became a shareholder, is invalid and unenforceable.
After issue was joined, the defendants moved, inter alia, to dismiss the complaint in its entirety. In support of the branch of their motion which was pursuant to CPLR 3211 (a) (3) to dismiss the fourth cause of action, the defendants contended that Christopher lacked standing because he was not a shareholder at the time the disputed resolution was adopted, as required by Business Corporation Law § 626 (b). The Supreme Court granted the defendants’ motion in part and denied it in part. As relevant hereto, the Supreme Court, in effect, granted that branch of the defendants’ motion which was to dismiss the fourth cause of action in its entirety on the ground that both plaintiffs lacked standing. The plaintiffs appeal on the limited ground that the Supreme Court erred in directing the dismissal of so much of the fourth cause of action as was asserted by Gabel Equipment.
Unlike Business Corporation Law § 626, which authorizes a shareholder to bring a derivative action in the right of the corporation, Business Corporation Law § 720 (b) authorizes a corporation, or an officer or director thereof, to commence an action to redress corporate waste or breach of fiduciary duty owed by officers and directors of the corporation (see Rapoport v Schneider, 29 NY2d 396, 400 [1972]; Brown v Brown, 143 AD2d 248, 249 [1988]; Conant v Schnall, 33 AD2d 326, 327-328 [1970]). While Business Corporation Law § 626 (b) requires the plaintiff to be a shareholder at the time of the transaction of which he or she complains, there is no similar rule when a corporation, a director, or an officer commences an action pur *912 suant to Business Corporation Law § 720 (b) (see 2-7 White, New York Business Entities ¶ B720.02 [2], citing Tenney v Rosenthal, 6 NY2d 204 [1959]; Conant v Schnall, 33 AD2d at 327-328).
Contrary to the defendants’ contention, Christopher’s status as a shareholder was irrelevant to the standing of the corporate plaintiff, Gabel Equipment, pursuant to Business Corporation Law § 720 (b) to assert the fourth cause of action. Moreover, the defendants waived any defense based on Gabel Equipment’s alleged lack of standing because they failed to interpose that defense in their answer or in a timely pre-answer motion to dismiss the complaint (see CPLR 3211 [e]; U.S. Bank N.A. v Denaro, 98 AD3d 964, 964-965 [2012]; 32nd Ave., LLC v Angelo Holding Corp., 88 AD3d 986, 987 [2011]). Further, contrary to the defendants’ contention, accepting the facts as alleged in the complaint as true and according the corporate plaintiff the benefit of every possible favorable inference (see CPLR 3211 [a] [7]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), Gabel Equipment stated a cause of action alleging waste of corporate assets pursuant to Business Corporation Law § 720 (see Rapoport v Schneider, 29 NY2d at 400). Accordingly, that branch of the defendants’ motion which to dismiss the fourth cause of action insofar as asserted by Gabel Equipment should have been denied. Dillon, J.P, Angiolillo, Dickerson and Cohen, JJ., concur.