J-K Apparel Sales Co., Inc. v Jacobs (2020 NY Slip Op 07360)





J-K Apparel Sales Co., Inc. v Jacobs


2020 NY Slip Op 07360


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2017-11423
 (Index No. 600612/15)

[*1]J-K Apparel Sales Co., Inc., et al., plaintiffs-respondents,
v
Irwin Jacobs, defendant third-party plaintiff-appellant; J-K Apparel Sales Co., Inc., et al., third-party plaintiffs-appellants; Steve Kenger, third-party defendant-respondent, et al., third-party defendants.


Nixon Peabody LLP, Jericho, NY (James W. Weller, Seth L. Berman, and Forchelli Deegan Terrana LLP [Peter Basil Skelos], of counsel), for defendant third-party plaintiff-appellant and third-party plaintiffs-appellants.
Schrier Shayne Koenig Samberg & Ryne, Garden City, NY (Richard E. Schrier, David Ragonetti, and Christina Falco of counsel), for plaintiffs-respondents and third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, for an accounting and judicial dissolution of two related corporations, the defendant third-party plaintiff, Irwin Jacobs, and the third-party plaintiffs, J-K Apparel Sales Co., Inc., and S & I Sales Co., Inc., appeal from stated portions of an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered October 31, 2017. The order, inter alia, (1) denied their motion for summary judgment on the amended third-party complaint insofar as asserted against the third-party defendant Steve Kenger, (2) granted that branch of the plaintiffs' motion, made jointly with the third-party defendant Steve Kenger, which was for summary judgment on the first through fourth causes of action, and directed the entry of a money judgment in favor of the plaintiffs and against the defendant third-party plaintiff, Irwin Jacobs, in the principal sum of $2,747,734 on those causes of action, and (3) granted that branch of the motion of the third-party defendant Steve Kenger, made jointly with the plaintiffs, which was for summary judgment dismissing the second and third causes of action in the amended third-party complaint against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Irwin Jacobs and Steve Kenger were each 50% shareholders and officers and directors of J-K Apparel Sales Co., Inc. (hereinafter J-K), and S & I Sales Co., Inc. (hereinafter S & I). J-K and S & I were the exclusive sales representatives for the third-party defendant Prestige Global Co., Ltd. (hereinafter Prestige Global), a Taiwanese clothing company. Prestige Global did not itself manufacture the clothing, but was an "apparel source," through which J-K obtained the merchandise from other Asian manufacturers. In January 2015, Prestige Global advised J-K and S & I that they had been overpaid commissions in the amount of $2,585,139, and on January 24, 2015, Prestige Global terminated J-K and S & I as Prestige Global's exclusive sales representatives.
The main action was commenced on January 30, 2015, against Jacobs. Although [*2]commenced in the name of J-K and S & I, Kenger appears to be the real party in interest. The first cause of action seeks damages for Jacobs's alleged mismanagement of the plaintiff corporations, the second cause of action seeks damages against Jacobs for diversion of corporate assets, the third cause of action seeks damages against Jacobs for breach of fiduciary duty, the fourth cause of action seeks an accounting as to both companies, and the fifth cause of action is for the judicial dissolution of both corporations on the ground of deadlock pursuant to Business Corporation Law § 1104. The crux of the main action involves allegations that between 2006 and 2014, Jacobs had funds that were supposed to go to J-K from Prestige Global, but that he diverted those funds to pay for his own personal expenses in the sum of more than $4.87 million.
On April 28, 2016, Jacobs, J-K, and S & I (hereinafter collectively the third-party plaintiffs) commenced a third-party action against Kenger, among others. Jacobs alleged, in general, that Kenger and the other third-party defendants engaged in an elaborate scheme to have Jacobs improperly ousted from J-K and S & I, in order to have J-K replaced as Prestige Global's exclusive sales representative by a new company, the third-party defendant Prestige Global of New York, Sales Corp. (hereinafter PGNY). Jacobs alleged that PGNY was formed by a J-K employee, the third-party defendant Linda Pencek, with Kenger's assistance, and that PGNY hired almost all of J-K's employees whose employment was terminated upon Prestige Global's termination of J-K. The first third-party cause of action alleges mismanagement and corporate waste against Kenger. The second cause of action alleges breach of fiduciary duty against Kenger. The third cause of action alleges breach of the duty of loyalty against Kenger. The fourth cause of action alleges prima facie tort against Kenger.
Following discovery, the third-party plaintiffs moved for summary judgment on the amended third-party complaint insofar as asserted against Kenger. J-K, S & I, and Kenger moved (1), with respect to Kenger, for summary judgment dismissing the amended third-party complaint insofar as asserted against him, and (2) with respect to J-K and S & I, for summary judgment on the complaint. The Supreme Court denied the motion of the third-party plaintiffs, and granted the motion of J-K, S & I, and Kenger. The third-party plaintiffs appeal.
Jacobs's contention that the Supreme Court erred in awarding J-K and S & I summary judgment on the first through fourth causes of action related to his alleged diversion of funds to himself that belonged to the plaintiffs, namely mismanagement, diversion of assets, breach of fiduciary duty, and for an accounting, respectively, is without merit. Business Corporation Law § 720(b) authorizes a corporation, or an officer or director thereof, to commence an action to redress corporate waste including diversion of corporate assets or breach of fiduciary duty owed by officers and directors of the corporation (see Rapoport v Schneider, 29 NY2d 396, 400; Brown v Brown, 143 AD2d 248, 249; Conant v Schnall, 33 AD2d 326, 327-328). In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct (see Daly v Kochanowicz, 67 AD3d 78, 95; Kurtzman v Bergstol, 40 AD3d 588, 590). "The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Palazzo v Palazzo, 121 AD2d 261, 265; see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 23). Here, we agree with the court's determination that J-K and S & I demonstrated their prima facie entitlement to judgment as a matter of law on those causes of action through documentary and testimonial evidence that Jacobs diverted funds to himself that belonged to J-K and S & I. In opposition, Jacobs failed to raise a triable issue of fact. Accordingly, the court's granting of that branch of the motion of J-K and S & I which was for summary judgment on the first through fourth causes of action was warranted.
The third-party plaintiffs' contention that the Supreme Court erred in granting that branch of Kenger's motion which was for summary judgment dismissing the second and third causes of action in the amended third-party complaint, which alleged breach of fiduciary duty and breach of loyalty against him, on the principle of international comity, also is without merit.
"The doctrine of comity 'refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states'" (Morgenthau v Avion Resources Ltd., 11 NY3d 383, 389, quoting Byblos Bank Europe, S.A. v [*3]Sekerbank Turk Anonym Syrketi, 10 NY3d 243, 247). It is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience" (Hilton v Guyot, 159 US 113, 164). "Whether to apply the doctrine lies in the sound discretion of the court" (Morgenthau v Avion Resources Ltd., 11 NY3d at 390). Here, the record shows that issues pertaining to the breach of fiduciary duty and breach of loyalty causes of action asserted in the third-party complaint are already before a Taiwanese court. Under the circumstances, the Supreme Court's determination, based upon the principle of international comity, to direct dismissal of the those causes of action, was a provident exercise of discretion.
The remaining contentions raised by third-party plaintiffs are without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court