Judgment of the County Court and Justice's Court reversed, with costs in all courts.

---

SAMUEL H. LUMMIS, as Trustee in Bankruptcy of J. SPENCER CROSBY & Co., Appellant, *v.* J. SPENCER CROSBY, Respondent, Impleaded with ANNA H. STIER and Others, Defendants.

Second Department, December 30, 1916.

Corporations — bankruptcy — suit by trustee in bankruptcy in protection of creditors to recover property alleged to have been transferred and wasted by the directors and officers of the bankrupt — pleading — complaint.

Where in an action by a trustee in bankruptcy of a corporation against the former officers thereof and the corporation to nullify an alleged alienation of certain realty and moneys of the corporation to one of the

defendants, and to recover the realty and money lost to the creditors and wasted through the neglect and failure of the individual defendants to perform their duties as officers and directors to preserve the assets for the payment of the corporate debts, there is no allegation that at the time of the alleged transfer there were any creditors in existence, or that the transaction was in furtherance of a scheme to defraud subsequent creditors, or that the corporation was insolvent or that the conveyance made it insolvent, a motion for judgment on the pleadings should be denied.

APPEAL by the plaintiff, Samuel H. Lummis, as trustee, from an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 11th day of October, 1916, denying his motion for judgment on the pleadings.

*David W. Kahn* [*Irving L. Ernst* with him on the brief], for the appellant.

*Louis Ogust,* for the respondent.

JENKS, P. J.:

The defendant Crosby prevailed in his demurrer to the complaint, and the plaintiff failed in his motion for judgment on the pleadings. The plaintiff, as trustee in bankruptcy of a domestic corporation, brings this action against the former officers and the corporation, to nullify an alleged alienation of certain realty and certain moneys of the corporation to one of the defendants, and to recover the realty and the money that were "lost to the creditors and wasted through the neglect and failure of the defendants to perform their duties as officers and directors of the corporation and to preserve the assets as a trust fund for the payment of the corporate debts." The plaintiff alleged that the unlawful contract was made on January 25, 1915, and was completed on November 1, 1915. It appears that the petition of involuntary bankruptcy was filed on May 6, 1916, and the adjudication of bankruptcy was made on the 19th of that month. But the trustee does not complain that at times named there were any creditors in existence. In *Marvin* v. *Anderson* (111 Wis. 387, 391), an action also brought by a trustee in bankruptcy, the court, per

MARSHALL, J., say: "If under any circumstances the sale of land to respondent could be impeached on the ground of fraud or want of power in the corporation to make the sale, appellant has no standing in court to do so, since all the stockholders are estopped by their conduct from complaining, and the receiver, as the representative of the corporation, has no better right in their behalf. Further, there is no indebtedness to any non-stockholder of the corporation which existed at the time the transaction took place. [*Shoemaker* v. *Washburn L. Co.,* 97 Wis. 585; *Graham* v. *Railroad Co.,* 102 U. S. 148.] Here again counsel seem to have fallen into a common error, that of not keeping in mind that the rule under which, in any case, the property of a corporation is deemed a trust fund for creditors and stockholders, or either, is wholly a creation of courts of equity, and that only those have equitable rights in a fund at the time of its depletion who have then a right to resort to such fund to satisfy their claims. Creditors of a corporation are not presumed to have relied upon property of their debtor which it did not possess when the indebtedness accrued, and therefore are not held to have any equitable claim thereon." (See, too, *Ginsberg* v. *Automobile Coaching Co.,* 151 App. Div. 627.)

It is contended also that this plaintiff has well pleaded, in that he may conserve the interest of subsequent creditors. There is no allegation that there were such, but we may perhaps infer that such creditors existed from the fact that the corporation was wound up by involuntary proceedings in the bankrupt's court. While there is authority that might justify such action by a trustee in bankruptcy in protection of subsequent creditors, it must appear that the transfer was made with the design of defrauding them. (Remington Bankruptcy [2d ed.], § 1225; *Beasley* v. *Coggins,* 48 Fla. 215, cited by Remington.) The learned counsel for the appellant lays main stress upon our decision in *Halpin* v. *Mutual Brewing Co.* (20 App. Div. 583, 586), where we declared: "The acquiescence of all the stockholders of a corporation in the action of the directors in dealing with its assets for the purpose of depriving future creditors of payment for their just claims, will not avail as a defense to a suit brought by an officer under section 1781 of

the Code of Civil Procedure.*" But it is to be noted that we spoke of the "*purpose*" of the dealing as that to "deprive" future creditors, and the proposition followed immediately upon the statement that the court had justifiably found that the transactions were all a part of a fraudulent scheme to that end. In the case at bar there is no allegation that the doings in question were in furtherance of a scheme to defraud subsequent creditors, no allegation that at the time thereof the corporation was insolvent, no allegation that the doings made it insolvent. The property alienated was in consideration of the transfer of two-thirds of the capital stock of the corporation made by one of the two owners thereof to the other, and there is no allegation that the realty conveyed, and the money paid, was in excess of the fair market value of the stock. I point out this omission but to show that the transaction, aside from the legality thereof, did not indicate an *actual waste* of the corporate property.

The order is affirmed, with ten dollars costs and disbursements.

THOMAS, CARR, STAPLETON and PUTNAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

* See Gen. Corp. Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28), §§ 90, 91. — [REP.