O'CONNELL ELECTRIC Co., INC., Plaintiff, *v.* VILLAGE OF MACEDON, Defendant.

Supreme Court, Special Term, Monroe County, December 27, 1949.

*James D. Hurley* for defendant.

*Eugene R. Cusker* for plaintiff.

CRIBB, J.   This is a motion by the defendant for dismissal of the complaint upon the grounds that it does not state facts sufficient to constitute a cause of action.

The complaint alleges the execution of a contract by the parties providing for the furnishing by plaintiff to defendant of certain materials and services at an agreed price.   It further alleges that plaintiff fully performed all the conditions of the contract on its part to be performed, and that the defendant has failed to pay an alleged balance due on the contract in the amount of $1,500.   The contract was in the form of a written offer by plaintiff, dated November 14, 1945, and a written acceptance by defendant, dated December 10, 1945.   The complaint further alleges that on March 16, 1949, plaintiff rendered to defendant a bill " with an affidavit as required by law ", and that the bill was correct, etc.; that about the 5th day of April, 1949, the defendant rejected and disapproved the same; and that " on or about the 21st day of April, 1949, the plaintiff caused to be served on the defendant a verified claim as required by law ".   The " Wherefore " clause of the complaint demands judgment for $1,500, " with interest thereon from the 10th day of May, 1946."

The defendant contends that the complaint must allege that the action was commenced within eighteen months from the date the cause of action accrued, and that the notice of claim was filed within one year from that date.   It further contends that plaintiff's allegations, if read with the demand for interest in the " Wherefore " clause from May 10, 1946, clearly demonstrates that the complaint does not set up a good cause of action since it appears ·that plaintiff failed to comply with section 341-b of the Village Law.

Exclusive of the " Wherefore " clause the complaint sets up a good cause of action.   Defendant maintains that since the " Wherefore " clause demands interest from May 10, 1946, it appears on the face of the complaint that plaintiff's cause of action accrued on or before that date.   It is true that if the

cause of action did accrue on or before that date, then the filing of a verified claim by plaintiff on April 21, 1949, and the commencement of this action by service of a summons and complaint on August 12, 1949, failed to comply with section 341-b of the Village Law which provides, so far as here pertinent, that "no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, * * *."

I understand that plaintiff is not required to plead or prove compliance with the above-quoted provisions of section 341-b as that section is a Statute of Limitations rather than a condition precedent (*Arnold* v. *Village of North Tarrytown,* 137 App. Div. 68, affd. 203 N. Y. 536). Defendant may not prevail on this motion by showing that the complaint *may* be subject to the Statute of Limitations. (*First Nat. Bank of Genoa* v. *American Sur. Co.,* 239 App. Div. 282.) An alleged failure of plaintiff to comply with the quoted provisions of said section is a matter of defense to be alleged and proved by the defendant. (*Agresta* v. *Federal Steam Navigation Co.,* 169 App. Div. 467.) However, in this case the plaintiff has alleged in the body of the complaint a compliance with the provisions of the section. Therefore, the question is presented by this motion as to whether the demand for interest from May 10, 1946, must be treated as an allegation that plaintiff's cause of action accrued on or before that date. Our courts have many times held that the prayer for relief or demand for judgment properly may be disregarded in determining the sufficiency of a complaint. *Traub* v. *Arrow Mfg. Corp.* (207 App. Div. 292) has been cited repeatedly as authority for the rule that the prayer for relief is immaterial on a motion for judgment on the pleadings, or to dismiss the complaint for insufficiency. While I find no authority to the effect that the "Wherefore" clause to a complaint *must* be disregarded on such motions, it seems obvious that no part of it constitutes an allegation of fact or may be so considered.

Exclusive of the "Wherefore" clause, the complaint in this action on its face sets up a good cause of action. The motion therefore must be denied.

Let order enter accordingly, with $10 costs to the plaintiff.