In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Substituted Trustee of the Will of ELMER E. SMATHERS, Deceased, Respondent. HARRIET B. MYERS, Appellant; J. HARVEY TURNURE, as Special Guardian, et al., Respondents.— Motion for leave to appeal to the Court of Appeals granted. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ. [See 285 App. Div. 1163.]

HARRY LEVY, Respondent, v. THEODORE H. ISAACS, Appellant.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ. Motion to resettle order of May 16, 1955, denied, without costs. On the court's own motion, the decision handed down May 16, 1955, is amended by adding to the decretal paragraph thereof the following: "The respondent may serve an amended complaint." The amended complaint must be served within twenty days after the entry of the order hereon. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Ughetta, JJ. [See 285 App. Div. 1170.]

STATE OF MARYLAND FOR THE USE OF PETER D'AGOSTINO AND ANOTHER et al., Respondents, v. BRANCH MOTOR EXPRESS Co., Appellant, et al., Defendant.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ. [See 285 App. Div. 1078.]

CHARLES BYER et al., Respondents, v. GEORGE GILSON, Appellant, et al., Defendants.— In an action to foreclose a mortgage on real property, the answer of the defendant owner of the property interposed the affirmative defense of the Statute of Limitations. This defendant appeals from a judgment of foreclosure and sale entered after a trial before an Official Referee. Judgment unanimously affirmed, with costs. An additional finding is made that payments of principal and interest between August 4, 1942, and February 1, 1953, were made by or on behalf of the owners of the equity of redemption. In our opinion the evidence was sufficient to warrant an inference that the payments of principal and interest regularly made over a period of many years were made by the owners of the equity of redemption or their duly authorized agents. The burden of proving the affirmative defense of the Statute of Limitations rests on the party invoking it. (*Beugger v. Ashley,* 161 App. Div. 576.) Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Ughetta, JJ.

CHARLES CUSSANO et al., Appellants, v. ANTHONY CINICOLO, Respondent.— In this action brought in the City Court of Yonkers to recover damages plus attorneys' fees and costs, for alleged rent overcharges for the apartment occupied by plaintiffs, defendant counterclaimed against plaintiff Charles Cussano for unpaid rent. Upon the trial before the court and a jury, the complaint was dismissed on the merits at the end of the plaintiffs' case, and a verdict was rendered in favor of defendant on his counterclaim. Plaintiffs appeal from the part of the judgment that dismisses the complaint on the merits, and plaintiff Charles Cussano appeals further from the part of the judgment that is against him and in defendant's favor on the counterclaim. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Ughetta, JJ. [See *post,* p. 1018.]