■ MARY CORIALE et al., Appellants, v. JOHN J. MERCURIO, Respondent.— Order reversed, without costs of this appeal to any party, and motion denied, without costs, without prejudice to a motion for summary judgment. Memorandum: Plaintiffs appeal from an order of Onondaga Special Term dismissing their complaint on the ground that their action is barred by the Statute of Limitations (Civ. Prac. Act, § 53). The complaint alleges that when the father of the parties conveyed four parcels of real estate to defendant it was agreed that defendant was to divide the properties in equal shares to the plaintiffs; the father died in 1949; in 1957, the properties were taken by the Rome Housing Authority and thereafter defendant promised to pay plaintiffs their equal share of $42,000 received by defendant for them. Defendant answered, pleading the Statute of Limitations as a defense and thereafter he moved pursuant to CPLR 3211 (subd. [a], par. 5) for judgment dismissing the complaint upon the ground that the action is time-barred. There being no affidavits by persons having knowledge of the facts the motion is based only on the allegations of the complaint. If evidence may

be admitted under such allegations which could establish a cause of action which is not barred by the statute, the motion should be denied. " The pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action." (*Coatsworth* v. *Lehigh Val. R. R. Co.,* 156 N. Y. 451, 457; 5 Carmody-Wait, New York Practice, p. 32.) The allegation of the fourth paragraph of the complaint that defendant agreed with his father to divide the properties in equal shares with the plaintiffs states no time when such division was to be made. Proof would be admissible thereunder that the time of division was within the limitation period. The allegation of the fifth paragraph of the complaint " that since his [father's] death plaintiffs have requested the defendant to give them their equal shares" states no date on which such request was made. Proof would, therefore, be admissible that such request was made within the period of limitation. The allegation that defendant received rents until March 12, 1958 would permit proof that such receipts were within the limitation period or that they were not received contrary to the alleged agreement. The allegations of the seventh paragraph that since February 26, 1958 plaintiffs requested defendant to give them their shares of the moneys received and defendant has promised to do so are within the limitation period. Defendant having pleaded the statute as a defense in his answer that issue may be litigated at the trial or it may be decided on a motion for summary judgment. All concur, except Bastow and Del Vecchio, JJ., who dissent and vote for affirmance. (Appeal from order of Onondaga Special Term granting defendant's motion to dismiss the complaint.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.