■ LUDGER DOYON et al., Appellants, v. ROBERT BASCOM, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered April 12, 1971 in Warren County, which granted defendant's motion for judgment, pursuant to CPLR 3211 (subd. [a], par. 5) dismissing plaintiffs' negligence action as barred by the Statute of Limitations. The complaint alleges that the plaintiffs sustained damages for personal injuries as the result of a motor vehicle accident which occurred on February 25, 1966. The action was commenced by service of a summons only on June 12, 1970, or nearly four years and four months after the accrual of the causes of action. Upon receipt of the complaint, defendant moved to dismiss the complaint on the ground that the three-year Statute of Limitations had run. The plaintiffs offered nothing in the manner of evidence at the return date of the motion. The plaintiffs, however, argued that defendant's proof submitted in support of his motion was insufficient because the mere passage of more than three years from the date of the accident to commencement of the action was not, of itself, determinative of the motion and plaintiffs further asserted that the statute could have been tolled by infancy, insanity, or imprisonment. Special Term held that it was incumbent upon the plaintiffs to produce some evidence that the Statute of Limitations had been tolled and granted defendant's motion unless satisfactory evidence of the tolling was submitted within 20 days after the service of the order; plaintiffs failed to produce such evidence. CPLR 3211, (subd. [a], par. 5) states that a party may move for judgment dismissing a cause of action on the ground it is barred by the Statute of Limitations. While the burden of proving the affirmative

defense of the Statute of Limitations rests on the party invoking it, a defendant asserting the statute need not negate any exceptions contained therein, the burden resting upon plaintiffs to aver facts showing the case at hand falls within such exceptions (35 N. Y. Jur., Limitations and Laches, § 23; 36 N. Y. Jur., Limitations and Laches, § 90; see 130 A. L. R. 440, 471, 482). When the defendant's affidavit established prima facie proof that the period of the Statute of Limitations had elapsed, it became the obligation of the plaintiffs to produce some evidentiary facts showing a tolling of the statute, if such were their claim. In the absence of such a showing, Special Term properly dismissed the complaint. Order affirmed, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.