■ RICHARD A. KRACKE, Respondent, v WESTERN WORLD INSURANCE CO., INC., et al., Defendants, and KIRSCHNER-BRYANT, INC., Appellant.—In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to certain insurance policies, the defendant Kirschner-Bryant, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 11, 1985, as denied its motion to dismiss the complaint insofar as it is asserted against it and granted that branch of the plaintiff's cross motion which was to amend the complaint to add a fourth cause of action against it to recover damages for failure to procure adequate insurance coverage.

Order modified, on the law, by (1) deleting the provision thereof which granted that branch of the plaintiff's cross motion which was to amend his complaint to add a fourth cause of action and substituting therefor a provision denying that branch of the cross motion, and (2) adding a provision that the denial of the appellant's motion to dismiss the complaint insofar as it is asserted against it is with leave to renew. As so modified, order affirmed insofar as appealed from, with costs to the appellant.

The plaintiff's proposed fourth cause of action seeks to recover for damages to property and pecuniary interests as a result of the alleged failure of the defendant broker Kirschner-Bryant, Inc., to obtain adequate insurance coverage for his business. It is now clear that "an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations (CPLR 213, subd 2)" *(Video Corp. v Flatto Assoc.,* 58 NY2d 1026, 1028). That statute has run here as the allegedly inadequate policy of insurance was procured in May 1976 and the instant action was not commenced until sometime in 1983, some seven years later *(see, e.g., Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389). Therefore, that branch of the plaintiff's cross motion

which was for leave to amend the complaint to add the fourth cause of action should have been denied.

The plaintiff's third cause of action against the defendant insurance broker Kirschner-Bryant, Inc., originally sounded in negligence, and alleged that the appellant had failed to inform the insurers who had issued policies to the plaintiff that the plaintiff had filed a timely notice of claim on February 7, 1977. The appellant moved to dismiss that cause of action on the ground that it was barred by the three-year Statute of Limitations for negligence claims. However, its motion papers contained only the general assertion that the instant action had been commenced "on or about February 1, 1983". The appellant failed to attach the summons and complaint to its moving papers, and failed to prove the exact date of commencement. Special Term thereafter granted the plaintiff's cross motion to amend that cause of action so as to limit recovery thereunder solely to those damages available for contractual liability. As amended, the six-year contract Statute of Limitations is now applicable to that cause of action also, and the exact date of the commencement of the action is, therefore, of crucial importance.

The appellant has not appealed from that part of the order which granted that branch of the plaintiff's cross motion which was to amend the third cause of action, but argues here that as the record before Special Term did not contain the summons and proof of the date of the commencement of the action, that court was unable to determine whether the amended cause of action has been timely commenced. In fact, the appellant asserts that the instant action was actually commenced on February 11, 1983, six years and four days after the plaintiff allegedly gave notice of a claim, and thus is time barred even under the contract Statute of Limitations.

Under the circumstances, the appellant's motion to dismiss the third cause of action must be denied with leave to renew, in order that it may have the opportunity to address the complaint as amended, and to allege and prove the exact date of service. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.